OPINION OF THE COURT
Arthur W. Lonschein, J.
This motion represents a collateral attack on a New Jersey default judgment which plaintiff seeks to have enforced in this State. The defendant moves for summary judgment on the grounds that the New Jersey courts had not acquired in personam jurisdiction over him and that the New Jersey judgment is therefore not entitled to full faith and credit. He bases his claim on a technical point of service which apparently has not been ruled upon by the courts of New Jersey.
Plaintiff owns and operates a gambling casino in Atlantic City, New Jersey. Defendant patronized the casino and incurred a large debt. Plaintiff instituted suit and obtained leave of the New Jersey Superior Court to make substituted service under subdivision (e) of rule 4:4-4 of the Rules Governing Civil Practice in the Superior Court. That rule states: “Substituted Service on Certain Individuals. Whenever it shall appear by affidavit of the attorney for the plaintiff or of any person having knowledge of the facts, that, after diligent inquiry and effort, an individual cannot *339 be served in this State under any of the preceding paragraphs of this rule, then, consistent with due process of law, service may be made by mailing, by registered or certified mail, return receipt requested, a copy of the summons and complaint to the individual addressed to his dwelling house or usual place of abode or, with postal instructions to deliver to addressee only, to his place of business or employment. If the addressee refuses to claim or to accept delivery of registered or certified mail, service may be made by ordinary mail addressed to him at his dwelling house or usual place of abode. If for any other reason delivery cannot be made, then service may be made outside the State as provided in R. 4:4-5 (a) upon any person upon whom service is authorized by the law of this State or the state wherein service is effected.”
The court’s order reads, in relevant part: “ordered, that service of process be issued pursuant to Rule 4:4-4 (e) at Simon Friedman, c/o F & T Jewelry Co., 220 West 19th Street, New York, N.Y., by certified mail, return receipt or by personal service.”
It is to be noted that the language of the order fails to track the language of the rule in that it permits certified mail service at this defendant’s place of business but fails to include the direction to instruct the postal service to deliver to the addressee only. The plaintiff failed to give such an instruction, and it is that failure which forms the basis of the defendant’s entire attack on the judgment.
The question before this court is thus whether or not the failure to include the instruction “deliver to addressee only” was a defect of sufficient magnitude under New Jersey law and procedure to divest the New Jersey court of in personam jurisdiction. After thorough research the court has been unable to uncover any New Jersey cases directly on point. The matter will therefore be decided according to basic principles relating to sufficiency of service, as enunciated by the courts of New Jersey. The parties agree that the failure to include the instruction does not involve questions of due process.
In analyzing that part of the rule allowing service by mail at a defendant’s “dwelling house or usual place of abode”, the New Jersey courts have been strict in the *340 requirement that the mailing must be to his actual residence.
Their view on this point has been stated as follows: “Substituted or constructive service is in derogation of the general common law requirement that there be personal service. [Citations omitted.] Statutes or rules of court providing for such service must be strictly construed and fully carried out in order to confer jurisdiction.” (A & S Mfg. Co. v Wetzler, 110 NJ Super 565, 567.)
Defendant relies on this line of cases to support his position that the New Jersey courts would be equally strict in enforcing the requirement of restricted delivery. As noted, there are no cases directly on point.
Analysis must begin with the purpose of the restricted delivery rule. Clearly, the sole purpose of the rule is to prevent embarrassment of the defendant at his place of business, and not to ensure that the defendant receives actual notice of the action. It is significant in this regard that the provisions of the rule relating to mail service at the defendant’s home do not contain any reference to restricted delivery. It suffices, under the statute, that delivery be made at the defendant’s home to anyone there to receive it. In that context, New Jersey is content to allow the actual recipient to make redelivery to the defendant. Thus, the rule does not contemplate restricted delivery as being essential to proper service as a general proposition.
Furthermore as noted, the rule as it relates to delivery at defendant’s place of business does not require that the certified letter be actually delivered to the defendant. The rule requires only that the postal service be given instructions to deliver to the addressee only. Since the actual delivery is to be made by a postal service employee, a person totally outside the plaintiff’s control, the rule could not reasonably make actual direct delivery to the addressee a condition for validity of service.
We are left with a requirement for the issuance of certain instructions, which are not related to the efficacy of notice and which need not be carried out in order for service to be sufficient.
This court can only conclude that the New Jersey courts would not regard this requirement as an essential part of *341 the service rule. Buttressing this conclusion is the phraseology of the court which allowed substituted service, and which failed to include the requirement for restricted delivery. The plaintiff’s failure to issue the instruction to the postal service was not a jurisdictional defect.
The New Jersey judgment is, therefore, entitled to full faith and credit, and the plaintiff is granted summary judgment.